## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| DOUG LOVSTUEN, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| SPARTAN FLOW CONTROL | § | |
| SERVICES, LLC, | § | |
|     Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Doug Lovstuen ("Plaintiff") files this Original Complaint, as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff previously worked as an employee for Defendant Spartan Flow Control Services, LLC ("Spartan Flow Control" or "Defendant").

2. Plaintiff brings this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA"). Plaintiff **does not** file this suit as a collective action, but instead seeks to recover damages against Defendant on behalf of the named Plaintiff only.

3. By paying Plaintiff a salary and refusing to compensate Plaintiff for overtime, Defendant willfully violated the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times his regular rate of pay.

### II. PARTIES

4. Plaintiff is an individual residing in Iowa.

5. Spartan Flow Control Services, LLC is a Delaware limited liability company, with its principal place of business in Lafayette, Louisiana. Spartan Flow Control may be served through its registered agent for service of process in Texas, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

7. This Court has personal jurisdiction over Defendant because it does a substantial amount of business in Texas and thus has purposefully availed itself to the laws of Texas. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

9. At all relevant times times, Defendant has been an employer of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

12. At all relevant times, Plaintiff was an employee for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

13. Spartan Flow Control provides pressure control and flow back services in the oil and gas industry. Plaintiff was employed by Defendant as a field employee, and primarily worked in the Permian Basin, in the areas surrounding Midland, Texas.

14. While employed by Defendant, Plaintiff worked significantly more than forty hours per week. Instead of paying him overtime, Defendant paid Plaintiff a salary.[1] As such, Defendant denied Plaintiff overtime for any and all hours worked in excess of 40 in a single work week. As a field employee, Plaintiff performed a significant amount of manual labor, including building flow backs, bringing equipment to well-sites, provided pressure relief for hydraulic fracturing, provided flow control during drillouts, rigging up and rigging down equipment, and performing well testing, flow control, and monitoring. As the controlling law makes clear, the manual labor performed by Plaintiff consists of non-exempt work.

---

[1] In November of 2015, shortly before Plaintiff stopped working for Defendant, Spartan began paying its field employees on an hourly basis, with overtime, which provides further evidence that field employees such as Plaintiff are not subject to any FLSA exemption.

15. As set forth herein, Defendant has violated Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed.

16. Plaintiff never supervised any other Spartan employees, nor did he have the power to hire or fire other Spartan employees. No exemption excuses Defendant from paying Plaintiff overtime. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff is thus entitled to liquidated damages.

17. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to the FLSA, Plaintiff seeks reasonable attorney's fees and costs incurred in this action.

### VI.     CAUSE OF ACTION - VIOLATIONS OF THE FLSA

18. The foregoing allegations are incorporated herein by reference.

19. Plaintiff was a non-exempt employee of Defendant.

20. Plaintiff was entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

21. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

22. In further violation of the FLSA, Defendant failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

23. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for the entirety of the time he was paid a salary while working for Defendant, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

By: /s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**